UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES S. FALLER, JR.,

                Petitioner,

v.                        Case No. 8:10-cv-2302-T-33AEP

CHARLES S. FALLER, III,

                Respondent.

_____/

## ORDER

This matter comes before the Court pursuant to Respondent Charles S. Faller, III's Motion to Reassign Case to the Fort Myers Division (Doc. # 16), which was filed on November 30, 2010.  Petitioner Charles S. Faller, Jr. filed a Response in Opposition to the motion on December 1, 2010. (Doc. # 20). For the reasons that follow, the Court grants the motion to reassign this case to the Fort Myers Division.

## Analysis

Petitioner filed his petition to confirm arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, et seq., on October 14, 2010. (Doc. # 1).  The petition alleges that Petitioner is a resident of Naples, Florida, Respondent is a resident of Ijamsville, Maryland, and the arbitration proceedings took place in St. Petersburg, Florida. (Doc. # 1 at ¶¶ 1-2, 4).  Respondent indicates that the arbitration involves three entities (The Faller Companies,

LLC; Faller Family, LLC; and FFT Santa Barbara II, LLC) all of which have their registered agent in Naples, Florida, and two of which have their managing member in either Ft. Myers or Naples. (Doc. # 16 at 1-2).  Respondent also states that the parcel of property that was the subject of the arbitration is located in Naples, Florida. (<u>Id.</u>)

Local Rule 1.02(c), M.D. Fla., states, "All civil proceedings of any kind shall be instituted in that Division encompassing the county or counties having the greatest nexus with the cause, giving due regard to the place where the claim arose and the residence or principal place of business of the parties."

Respondent correctly argues that, "the only nexus between this case and the Tampa Division is that the arbitration occurred in St. Petersburg, Florida." (Doc. # 16 at 2). Petitioner agrees that the location of the arbitration proceedings is the only nexus between the proceedings and  the Tampa Division, but argues, "that nexus is precisely the relevant nexus for these . . . proceedings." (Doc. # 20 at 2). Petitioner relies on 9 U.S.C. § 9, which states, "if no court is specified in the agreement of the parties, [a petition to confirm] <u>may</u> be made to the United States court in and for the district within which such award was made." (Emphasis added).

In <u>Cortez Byrd Chips, Inc. v. Bill Harbert Construction Company</u>, 529 U.S. 193 (2000), the Court was called upon to address whether "the venue provisions of the [FAA] are restrictive, allowing a motion to confirm . . . an arbitration award to be brought only in the district in which the award was made, or are permissive, permitting such a motion either where the award was made or in any district proper under the general venue statute." <u>Id.</u> at 195. After a thorough discussion of the FAA and other authorities, the Court determined that the venue provision of the FAA, 9 U.S.C. § 9, is permissive. <u>Id.</u>

This Court determines that Petitioner's decision to file this case in the Tampa Division was not improper because the arbitration proceedings took place within the Tampa Division. However, it is the Fort Myers Division, rather than the Tampa Division, which has the "greatest nexus" with this case. None of the parties reside within the Tampa Division, and the subject matter of the arbitration is not located in the Tampa Division.[1]

---

[1] On the other hand, one of the parties resides in the Fort Myers Division, the property that was at issue in the arbitration is located in the Fort Myers Division, and the corporate entities involved have registered agents in the Fort Myers Division.

It is undisputed that the only nexus between this cause and the Tampa Division is that the arbitration proceedings took place within the Tampa Division.  While the local of the arbitration proceedings is a relevant factor in the Court's Rule 1.02(c) analysis, it succumbs to the other factors described above, each weighing in favor of a transfer to the Fort Myers Division.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED**

(1)   Respondent Charles S. Faller, III's Motion to Reassign Case to the Fort Myers Division (Doc. # 16) is **GRANTED.**

(2)   The Clerk is directed to transfer this case to the Ft. Myers Division of the Middle District of Florida.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>10th</u> day of December 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel and Parties of Record

-4-